IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHAWN T. WILLEY, | ) | CASE NUMBER: 8:20-CV-263 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **AGREED PROTECTIVE ORDER** |
| | ) | |
| UNION PACIFIC RAILWAY COMPANY | ) | |
| A Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

COME NOW the Plaintiff, Shawn T. Willey, and Defendant, Union Pacific Railroad Company ("UP") and jointly move the Court to enter and approve their Agreed Protective Order regarding certain discovery materials sought from UP. In support of this Joint Motion, the Parties state as follows:

Plaintiff has filed this FELA action alleging that he sustained serious injuries while working as a Foreman General II for UP on or about August 17, 2019. Plaintiff has requested certain video, audio and event recorder data related to the alleged incident in Requests for Production 13, 34, 37 and 38. Defendant has agreed to produce certain video, audio and event recorder as per its responses to Plaintiff's requests, subject to the entry of a protective order.

The Parties in the above-captioned matter seek the Court's entry and approval of their Agreed Protective Order prohibiting the Plaintiff, Shawn T. Willey, as well as his agents and representatives from (1) reproducing and disseminating the above-referenced communications onto the Internet or any other electronic outlet, and (2) reproducing and/or distributing the communications to any and all third parties outside of this case.

**THEREFORE, IT IS ORDERED** that the Parties' Joint Motion for the Court's entry and approval of their Agreed Protective Order is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff, Shawn T. Willey, as well as his agents and representatives, shall adhere to and are hereby commanded to comply with all of the provisions of this Agreed Protective Order relating to production of the subject video, audio and event recorder data (DVR video a/k/a TIR, dispatch recordings, etc.); and specifically, they are commanded to comply with all of the following Terms and Conditions:

## TERMS AND CONDITIONS

1. The video from any locomotive camera concerning the accident involving Shawn T. Willey shall not be disclosed, produced, or otherwise disseminated to anyone who is not involved in this case by Plaintiff, as well as any agents or representatives of the Plaintiff.

2. The audio recordings from dispatchers or corridor managers concerning the incident involving Shawn T. Willey shall not be disclosed, produced, or otherwise disseminated to anyone who is not involved in this case by Plaintiff, as well as any agents or representatives of the Plaintiff.

3. The event recorder data from the locomotives concerning the incident involving Shawn T. Willy shall not be disclosed, produced or otherwise disseminated to anyone who is not involved in this case by Plaintiff, as well as any agents or representatives of the Plaintiff.

4. The Plaintiff, as well as any agents or representatives of the Plaintiff, shall not allow the subject video, audio or event recorder data to be disseminated to or on the Internet or any other electronic media.

5. The Plaintiff, as well as any agents or representatives of the Plaintiff, will ensure that if the subject video, audio and event recorder data are given to any employee of theirs or any outside expert, that these individuals will be advised of and provided a copy of this Agreed Protective Order and they shall not disseminate the materials on or to the Internet or any other

outside electronic media nor shall they disclose, produce, or otherwise disseminate it to anyone who is not involved in this case.

6. The acceptance of the video, audio and event recorder data or copies of the same by any employee of or outside expert utilized by the Plaintiff, as well as any agents or representatives of the Plaintiff, constitutes their agreement and consent to be bound by all of the provisions of this Agreed Protective Order, all of its specific Terms and Conditions.

7. That the termination of proceedings in this action shall not relieve any person to whom the materials have been disclosed from the obligations of this Protective Order and said videos will be destroyed/deleted or returned to Defendant at the conclusion of this case.

**IT IS ALL SO ORDERED** this 29th day of January, 2021.

BY THE COURT:

_____
Michael D. Nelson
United States Magistrate Judge

Agreed by:

| | |
|---|---|
| s/Jeffrey E. Chod | s/Kyle Wallor |
| Jeffrey E. Chod | Kyle Wallor, #21346 |
| CHOD LAW, LLC | LAMSON DUGAN & MURRAY LLP |
| PO Box 17727 | 10306 Regency Parkway Drive |
| Denver, CO 80217-7727 | Omaha, NE 68114-3743 |
| (314) 541-5862 | (402) 397-7300 |
| jchod@chadlawfirm.com | kwallor@ldmlaw.com |
| ATTORNEY FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

723544